**UNITED STATES DISTRICT COURT** 2601-1107-0155-B
**FOR THE NORTHERN DISTRICT OF ALABAMA**

FID: 11885435

UNITED STATES OF AMERICA    }

               }

          v.           }     Case No. **7:25-cr-527-AMM-GMB-3**

               }

**Lemarcus Antoine Robinson**    }

        Defendant    }

## WARRANT FOR ARREST  25 MJ 82 -cgc

TO:   The United States Marshal
      And any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **Lemarcus Antoine Robinson, at 2181 Capella Circle, SW, Atlanta, GA 30331,** and bring him or her forthwith to the nearest magistrate judge to answer a(n) **Oral Order of Court** by Magistrate Judge Staci G. Cornelius, charging him or her with willful failure to appear to serve Federal Sentence.

GREER M. LYNCH
Name of Issuing Officer

Signature of Issuing Officer

Bail fixed at $_____ by _____
                            Name of Judicial Officer

Clerk, United States District Court
Title of Issuing Officer

November 6, 2025 – Birmingham, Alabama
Date and Location

---

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at 167 N. Main St. Memphis, TN 38103

| DATE RECEIVED 06 NOV 25 | NAME AND TITLE OF ARRESTING OFFICER Madison Futrell DUSM | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST 12/29/25 | | |

**FILED**
2025 Sep-17  PM 03:47
PFE/DSM:  Sept. 0825 DISTRICT COURT
BHM GJ # 1 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                            ) | Case No. |
| ) | |
| BRANDON RAYSHAWN WATKINS, ) | |
| BENJAMIN JERMAINE BRITFORD, ) | |
| LEMARCUS ANTOINE ROBINSON, ) | |
| LADARRIN TYRELL HILL, ) | |
| and                           ) | |
| CURTEASHA JEANE BYRD       ) | |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE
### *Conspiracy to Commit Bank Fraud*
### 18 U.S.C. §§ 1349, 1344

1.      From on and about July 1, 2023 until on and about July 5, 2023, more exact dates being unknown to the Grand Jury, in Tuscaloosa and Fayette Counties, within the Northern District of Alabama, the defendants,

**BRANDON RAYSHAWN WATKINS,
BENJAMIN JERMAINE BRITFORD,
LEMARCUS ANTOINE ROBINSON,
LADARRIN TYRELL HILL, and
CURTEASHA JEANE BYRD,**

together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to commit bank fraud, in violation of 18 U.S.C. § 1344.

2.     It was a part and object of the conspiracy that the defendants, **BRANDON RAYSHAWN WATKINS, BENJAMIN JERMAINE BRITFORD, LEMARCUS ANTOINE ROBINSON, LADARRIN TYRELL HILL, and CURTEASHA JEANE BYRD**, and others known and unknown to the Grand Jury, would and did knowingly execute and attempt to execute a scheme and artifice to defraud Alabama One Credit Union— a financial institution, the deposits of which were then insured by the National Credit Union Administration—and to obtain money, funds, credits, assets, securities, and other property owned by, or under the custody and control of, that financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## PURPOSE OF THE CONSPIRACY

3.     It was a purpose of the conspiracy for the defendants, **BRANDON RAYSHAWN WATKINS, BENJAMIN JERMAINE BRITFORD, LEMARCUS ANTOINE ROBINSON, LADARRIN TYRELL HILL, and CURTEASHA JEANE BYRD**, and their co-conspirators, to unlawfully enrich themselves by, among other things, unlawfully withdrawing funds from accounts at Alabama One Credit Union.

## MANNER AND MEANS OF THE CONSPIRACY

Among the manner and means used by the conspiracy to achieve its unlawful objects and in furtherance of the scheme were the following:

4. It was a part of the conspiracy that the defendants, **BRANDON RAYSHAWN WATKINS, BENJAMIN JERMAINE BRITFORD, LEMARCUS ANTOINE ROBINSON, LADARRIN TYRELL HILL, and CURTEASHA JEANE BYRD**, and their co-conspirators, would obtain personal identifying information of members of Alabama One Credit Union.

5. It was a further part of the conspiracy that the defendants, **BRANDON RAYSHAWN WATKINS, BENJAMIN JERMAINE BRITFORD, LEMARCUS ANTOINE ROBINSON, LADARRIN TYRELL HILL, and CURTEASHA JEANE BYRD**, and their co-conspirators, would use the means of identification of credit union members to unlawfully access accounts through an Interactive Teller Machine.

6. It was a further part of the conspiracy that the defendants, **BRANDON RAYSHAWN WATKINS, BENJAMIN JERMAINE BRITFORD, LEMARCUS ANTOINE ROBINSON, LADARRIN TYRELL HILL, and CURTEASHA JEANE BYRD**, and their co-conspirators, would unlawfully withdraw funds from member accounts.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO through FIVE
### *Bank Fraud*
### 18 U.S.C. §§ 1344 and 2

7.     The factual allegations contained in paragraphs 1 through 6 of the Indictment are re-alleged as though fully set forth herein.

8.     On or about the dates set forth in the table below for each count, in Tuscaloosa and Fayette Counties, within the Northern District of Alabama, the defendant(s) set forth in the table below for each count, aiding and abetted one another and others known and unknown to the Grand Jury, knowingly did execute and attempt to execute a scheme and artifice to defraud Alabama One Credit Union— a financial institution, the deposits of which were then insured by the National Credit Union Administration — and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, that financial institution, by means of false and fraudulent pretenses, representations, and promises, as described below for each count.

### THE SCHEME AND ARTIFICE

9.     The scheme and artifice to defraud is set out in paragraphs 4 through 6 of this Indictment. Paragraph 4 is hereby incorporated by reference as though fully set forth herein, with the words "It was part of the scheme and artifice" replacing "It was part of the conspiracy." Paragraphs 5 through 6 are hereby incorporated by reference as though fully set forth herein, with the words "It was a further part of the

scheme and artifice" replacing "It was a further part of the conspiracy" at the start of each paragraph.

### EXECUTIONS OF THE SCHEME

10. The factual allegations contained in paragraphs 1 through 9 of this Indictment are re-alleged for counts 2 through 5 as though fully set forth therein.

| Count | Defendant | Date | Execution of Scheme |
|---|---|---|---|
| 2 | BRANDON RAYSHAWN WATKINS and BENJAMIN JERMAINE BRITFORD | 7/3/2023 | $8,900 withdrawal from the Alabama One Credit Union account of INDIVIDUAL-1 |
| 3 | LEMARCUS ANTOINE ROBINSON and BRANDON RAYSHAWN WATKINS | 7/4/2023 | $3,600 withdrawal from the Alabama One Credit Union account of INDIVIDUAL-1 |
| 4 | LADARRIN TYRELL HILL | 7/5/2023 | $3,600 withdrawal from the Alabama One Credit Union account of INDIVIDUAL-2 |
| 5 | CURTEASHA JEANE BYRD | 7/4/2023 | $9,300 withdrawal from the Alabama One Credit Union Account of INDIVIDUAL-3 |

All in violation of Title 18, United States Code, Section 1344.

### COUNTS SIX through NINE
### Aggravated Identity Theft
### [18 U.S.C. §§ 1028A, 2]

11. The factual allegations contained in paragraphs 1 through 10 of the Indictment are re-alleged as though fully set forth herein.

12.    On or about the dates set forth in the table below for each count, in Tuscaloosa and Fayette Counties, within the Northern District of Alabama, the defendants set forth in the table below for each count, aided and abetted by one another and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, transferring, possessing, and using the means of identification of the following real people, as described below for each count, in relation to the bank fraud conspiracy charged in count 1 of the Indictment.

| Count | Defendant | Date | Means of Identification |
|-------|-----------|------|-------------------------|
| 6 | BRANDON RAYSHAWN WATKINS and BENJAMIN JERMAINE BRITFORD | 7/3/2023 | The social security number of INDIVIDUAL-1, a real person, in connection with a $8,900 withdrawal from Alabama One Credit Union |
| 7 | LEMARCUS ANTOINE ROBINSON and BRANDON RAYSHAWN WATKINS | 7/4/2023 | The social security number of INDIVIDUAL-1, a real person, in connection with a $3,600 withdrawal from Alabama One Credit Union |
| 8 | LADARRIN TYRELL HILL | 7/5/2023 | The social security number of INDIVIDUAL-2, a real person, in connection with a $3,600 withdrawal from Alabama One Credit Union |
| 9 | CURTEASHA JEANE BYRD | 7/4/2023 | The social security number of INDIVIDUAL-3, a real person, in connection with a $9,300 withdrawal from Alabama One Credit Union |

All in violation of Title 18, United States Code, Sections 1028A(a)(1).

## FIRST NOTICE OF FORFEITURE
### [18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c)]

1.    The allegations contained in counts 1 through 5 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1344 and 2 set forth in counts 1 through 5 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

/s/electronic signature
FOREPERSON OF THE GRAND JURY

PRIM F. ESCALONA
United States Attorney

/s/electronic signature
DANIEL S. MCBRAYER
Assistant United States Attorney